24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gary BENNETT, and all others similary situated certified
braillist, past and present, Plaintiff-Appellant,
v.
CLARK COUNTY SCHOOL DISTRICT; State Board of Education,
State of Nevada, Municipality, Spring Mountain Brailler's
and all Appointed Trustees of Inc., Doctor McHenery, Flow
McGill and Al Davis, Defendants-Appellees.
 No. 93-16657.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 17, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Bennett, a Nevada state prisoner, appeals pro se the district court's dismissal of his complaint with prejudice as frivolous under 28 U.S.C. 1915(d). Bennett claims in his complaint that he and other inmates at the Southern Desert Correctional Center did not receive promised remuneration for producing materials in braille for the Clark County School District, in violation of his constitutional right to be free from slave labor and the Fair Labor Standards Act. We have jurisdiction under 28 U.S.C. Sec. 1915(d). We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Section 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue or if satisfied that the action is frivolous or malicious. A complaint is frivolous where it lacks an arguable basis in either law or fact. Denton, 112 S.Ct. at 1733; Neitzke v. Williams, 490 U.S. 319, 325 (1989). A finding of legal frivolousness is appropriate when none of the legal points are arguable on the merits. Neitzke, 490 U.S. at 325.
 
 
 4
 First, Bennett contends that his work for the Clark County School District producing braille was slave labor as he did not receive the promised pay. This contention lacks merit.
 
 
 5
 "Convicted criminals do not have the right to freely sell their labor and are not protected by the Thirteenth Amendment against involuntary servitude." Hale v. State of Arizona, 993 F.2d 1387, 1394 (9th Cir.) (en banc) (citing Draper v. Rhay, 315 F.2d 193, 197 (9th Cir.), cert. denied, 375 U.S. 915 (1963)), cert. denied, 114 S.Ct. 386 (1993).
 
 
 6
 Bennett and other prisoners at the Southern Desert Correctional Center formed a cooperative group, the Spring Mountain Braille'rs, to produce braille books and graphics for the Clark County School District under the promise of remuneration. The promised payments never materialized, therefore Bennett contends that his labor was slave labor for a non-prison industry.
 
 
 7
 There has been a specific exception carved out of the Thirteenth Amendment such that a prisoner's labor does not fall under the prohibition against slavery. See Hale, 993 F.2d at 1394; Draper, 315 F.2d at 197. Therefore, Bennett was not subjected to slavery in his voluntarily undertaken braille work. Because there is no basis in law for the alleged slave labor, the district court did not abuse its discretion by dismissing this claim as legally frivolous. See Denton, 112 S.Ct. at 1733.
 
 
 8
 Second, Bennett contends that his unpaid labor violated the Fair Labor Standards Act (FLSA), 29 U.S.C. Secs. 201-19. This contention lacks merit.
 
 
 9
 The FLSA does not apply to prisoners working in a prison industry. Hale, 993 F.2d at 1395. The FLSA also does not apply to a prisoner suit to recover minimum wages for labor performed for private industry. See Gilbreath v. Cutter Biological, Inc, 931 F.2d 1320, 1321 (9th Cir.1991) (private plasma treatment center located at prison). The state, not the private industry, had the ultimate control over the prisoners by providing food, shelter, clothes and permission for inmates to have the privilege of working. See id. at 1325.
 
 
 10
 Here, as in Gilbreath, the authority and permission to work while inmates came from the state, and the need for minimum wage protection does not exist in the case of a prisoner whose food, shelter and clothing is provided for by the state. See Gilbreath, 931 F.2d at 1324-25. Also, the ability to hire and fire was not held by the school district. Therefore, the FLSA does not apply to protect Bennett's right to minimum wages for labor performed. The Sec. 1915(d) dismissal of this claim was not error because there is no arguable basis in law. See Denton, 112 S.Ct. at 1733.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument is therefore denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3